# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAMS, et al.,<br>　　　　Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 1 |

## BACKGROUND

Vincent Keith Bell, an inmate at the San Francisco County Jail, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Bell apparently is a longtime pretrial detainee. *See* Docket No. 138 in *Bell v. Lee*, No. 13-cv-5820 SI. Bell alleges the following in his complaint about events that occurred at the San Francisco County Jail:

On May 1, 2017, Bell was "given 30 days lock-up" without being present at a hearing on a request for discipline. *Id.* As a result of the incident report, he was in disciplinary isolation for a month. "Capt. M. Fisher demands Bell be punished by sgt. Williams." *Id.*

On January 14, 2018, officer Leung called Bell "beautiful" and asked to see his penis. *Id.* When Bell filed a grievance, captain Fisher called Bell a liar and did not contact internal affairs to investigate the grievance.

On January 18, 2018, Bell was put in a safety cell. Bell, who has only one leg, had to hop over fifty feet to the safety cell, and was carried when he could hop no further. Bell was "strip[p]ed of everything he had" when he was placed in the safety cell for punishment. Docket No. 1 at 3. Officer Leung, sergeant Williams and captain Fisher played some role in the event, although the allegations are too unclear to determine who did what to Bell.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. at 535 n.16. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision,

*see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

Bell's complaint is deficient in several respects. First, the complaint indicates that Bell was put in disciplinary isolation on May 1, 2017 without a hearing, but fails to link any defendant to the claim. Although several members of the jail staff are mentioned, the complaint does not clearly describe what each of them did or failed to do that violated Bell's constitutional rights and therefore does not state a claim against any particular defendant. In his amended complaint, Bell must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Second, the complaint fails to state a claim based on officer Leung's alleged comments on January 14, 2018 that he thought Bell was beautiful and wanted to see Bell's penis. The complaint does not allege that Leung touched Bell, and Bell wrote in his inmate appeal that Leung walked away. Docket No. 1 at 11. Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right'); *cf. Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth

3

Amendment.").

Third, the complaint fails to state a claim against captain Fisher for allegedly failing to adequately respond to Bell's complaint about officer Leung's behavior on January 14, 2018. There is no federal constitutional right to a prison or jail administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). An incorrect decision on a grievance or an administrative appeal or failure to handle it in a particular way therefore does not amount to a violation of his right to due process. The claim regarding the January 14, 2018 incident is dismissed without leave to amend.

Fourth, the complaint does not state a claim based on Bell's placement in a safety cell on January 18, 2018. Bell does not describe the conditions of the safety cell or state how long he remained in it with enough detail to show that the placement in the safety cell amounted to punishment. He also does not identify the procedural protections that were not provided to him before he was placed in the safety cell. Bell also does not link any individual defendant to the claim regarding the January 18, 2018 incident; although he mentions individual defendants, he does not state what each did or failed to do that violated his constitutional rights. Leave to amend is granted so that he may correct these deficiencies.

Fifth, a claim is not stated against the municipal defendant, the City and County of San Francisco, as to which there are no allegations. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is liable simply because it employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that the alleged individual wrongdoer was employed by one institutional defendant would not be a sufficient basis on which to hold the employing institutional defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts

4

to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-68.

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **July 30, 2018,** and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: June 27, 2018

SUSAN ILLSTON
United States District Judge