UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL, <br> Plaintiff, <br> v. <br> WILLIAMS, et al., <br> Defendants. | Case No. 18-cv-01245-SI <br><br> **ORDER REOPENING ACTION AND OF DISMISSAL WITH FURTHER LEAVE TO AMEND** <br><br> Re: Dkt. Nos. 7, 8, 10, 12 |

Vincent Keith Bell, a pretrial detainee at the San Francisco County Jail, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The court dismissed his complaint with leave to amend, and thereafter dismissed the action for failure to state a claim after Bell failed to file an amended complaint by the deadline. Shortly thereafter, Bell moved to reopen the action. He later filed motions to extend the deadline to file an amended complaint and three amended complaints. Bell's motions and most recent amended complaint are now before the Court for review.

**BACKGROUND**

In his original complaint, Bell alleged the following event that occurred at the San Francisco County Jail: On May 1, 2017, he was "given 30 days lock-up" without being present at a hearing on a request for discipline. Docket No. 1 at 3. As a result of the incident report, he was in disciplinary isolation for a month. "Capt. M. Fisher demands Bell be punished by sgt. Williams." *Id.* On January 14, 2018, officer Leung called Bell "beautiful" and asked to see his penis. *Id.* When Bell filed a grievance, captain Fisher called Bell a liar and did not contact internal affairs to investigate the grievance. *Id.* On January 18, 2018, Bell was put in a safety cell. *Id.* Bell, who has only one leg, had to hop over fifty feet to the safety cell, and was carried when he could hop no

further. *Id.* Bell was "strip[p]ed of everything he had" when he was placed in the safety cell. *Id.*

The Court dismissed the complaint with leave to amend and discussed several deficiencies in the complaint. First, Bell failed to link any defendant to the disciplinary isolation on May 1, 2017. Docket No. 3 at 3. Second, Bell failed to state a claim based on officer Leung's alleged comments because verbal harassment alone was not actionable under 42 U.S.C. § 1983. *Id.* at 3. Third, Bell failed to state a claim against captain Fisher because there was no federal constitutional right to a prison or jail administrative appeal or grievance system for California inmates. *Id.* at 4. Fourth, Bell failed to state a claim based on his placement in a safety cell because he did not describe the details of the safety cell to show that the placement in the safety cell amounted to punishment, did not identify any procedural protections that were not provided to him, and did not link any individual defendant to the claim regarding the January 18, 2018 incident. *Id.* Lastly, he failed to state a claim against the municipal defendant. *Id.*

In his amended complaint, Bell alleges the following about the events that occurred at the San Francisco County Jail: On January 18, 2018, Bell, a "physically disabled inmate" with an above-the-knee amputated leg, was "admitted and transported to the safety cell." Docket 12 at 2. He was "unable to walk," denied the assistance of his wheelchair, and forced to "hop on his one leg while rear handcuffed in a downward position." *Id.* Defendants intentionally denied Bell his wheelchair when transporting him to the safety cell. *Id.*

## DISCUSSION

A. <u>Reopening The Action</u>

District courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). An unchallenged explanation for why a *pro se* prisoner was unable to comply with the district court's deadline for amendment of his complaint may serve as an excuse and require the court to grant the prisoner an extension of time rather than dismiss the complaint. *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

This action was dismissed on September 12, 2018, because Bell had not filed his amended

1 complaint by July 30, 2018, the deadline set in an earlier order. *See* Docket Nos. 3, 5. It turns out that Bell did not receive the order of dismissal with leave to amend. *See* Docket No. 7. Bell has requested that the action be reopened and that his amended complaint be reviewed by the Court. The request to reopen the action is GRANTED. Docket No. 7. The order of dismissal and judgment are VACATED. The Court also GRANTS Bell's motions for an extension of the deadline to file an amended complaint. Docket Nos. 8, 10. The amended complaint filed on April 30, 2019 is deemed to have been timely filed.

B. Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claim, and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

An amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, Bell's most recent amended complaint (Docket No. 12) supersedes his complaint and his earlier amended complaints.

1. The 42 U.S.C. § 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). When a pretrial detainee challenges conditions of his confinement, the proper inquiry is

3

whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteen Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Bell's amended complaint fails to state a claim against defendants. The amended complaint refers to several members of the jail staff collectively as "the defendants," but fails to link any defendant to the claim by explaining what each defendant did or failed to do. In his second amended complaint, Bell must allege facts showing the basis for liability for each individual defendant. He should identify each involved defendant by name and clearly describe what each of them did or failed to do that violated his constitutional right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability maybe imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

If Bell also intends to make a claim about the conditions of the safety cell to which he was taken, his amended complaint fails to state a claim because he does not describe the conditions of the safety cell or state how long he remained in it with enough detail to show that the placement in the safety cell amounted to punishment. *Bell*, 441 U.S. at 535 n.16. He also does not identify the procedural protections (if any) that were not provided to him before he was placed in the safety cell.

2. <u>The ADA Claim</u>

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an

4

individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

The proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch. Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

The amended complaint indicates that Bell wants to pursue a claim under the ADA and RA, but the pleading is deficient. Bell has not identified a proper defendant for a claim under the ADA and RA. Moreover, the allegations of the amended complaint seem to undermine an ADA/RA claim: Bell alleges that the individual defendants were acting contrary to, rather than pursuant to, jail policy when they failed to let him use a nearby wheelchair. Docket No. 12 at 6-7. Leave to amend will be granted so that Bell may attempt to allege a claim under the ADA and RA. Here, the proper defendant for a claim under the ADA and RA would be the San Francisco Sheriff's Department or the City and County of San Francisco as the entity that allegedly denied Bell his rights under the ADA and RA. In his second amended complaint, Bell must name a proper defendant and allege facts showing a violation of his rights under the ADA and RA.

5

## CONCLUSION

For the foregoing reasons, the motion to reopen the action is GRANTED. Docket No. 7. The order of dismissal and judgment are VACATED. The motions for an extension of the deadline to file an amended complaint are GRANTED. Docket Nos. 8, 10. The amended complaint (Docket No. 12) is deemed to have been timely filed.

The amended complaint is dismissed with leave to amend. Plaintiff must file a second amended complaint that complies with the directions in this order no later than **July 12, 2019**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). Failure to file the second amended complaint by the deadline will result in the dismissal of this action.

The clerk will send to Bell a copy of the orders at Docket Nos. 3 and 4.

**IT IS SO ORDERED**.

Dated: June 4, 2019

_____
SUSAN ILLSTON
United States District Judge