UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br>Plaintiff,<br>v.<br>WILLIAMS, et al.,<br>Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. Nos. 14, 15 |

Vincent Keith Bell, an inmate currently housed at the San Francisco County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The court dismissed an earlier pleading with leave to amend. Bell's second amended complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. His motion for a default judgment also is before the court.

## BACKGROUND

In his second amended complaint, Bell alleges the following about events that occurred while he was in custody at the San Francisco County Jail # 2:

On January 18, 2018, sergeant Williams told Bell that Bell was moving to a different cell. Bell asked why and to where he was being moved, which sergeant Williams "took . . . as an act of refusal to move." Docket No. 14 at 7. Sergeant Williams left to speak to watch commander captain Fisher. Lieutenant Deguzman came and spoke to Bell about the move, after which Bell agreed, packed his personal belongings, and put them on top of the bed. When sergeant Williams returned, Bell was packed and seated on his wheelchair with his hands up. *Id.* at 7-8. Sergeant Williams called for deputies to assist in a cell extraction. Bell told Williams that Bell did not want to get hurt and was ready to move cells. *Id.* at 8. At sergeant Williams' direction, several deputies ordered

Bell out of his wheelchair and made Bell (who has only one leg) hop to a safety cell, "a distance that was physically impossible." *Id.* Bell "tried to reason with sgt. Williams that he only had one leg and his body weight was too much to hop the distance," but was ordered not to talk to Williams. *Id.* Bell fell on his way to the safety cell due to the difficulty of hopping that distance, experiencing "sharp pains and extreme physical exertion." *Id.* At sergeant Williams' direction, the deputies dragged Bell to the safety cell, stripped him of his clothes, and left him in the safety cell for 24 hours. *Id.* As the watch commander at the jail, captain Fisher must approve all safety cell placements. *Id.* at 9. There was no "justified merit to admit Bell" to the safety cell, as he was not posing a threat to himself or others. *Id.*

Bell urges that the City and County of San Francisco and the San Francisco Sheriff's Department should be held liable for failure to train employees on proper procedures to transport physically disabled inmates. *Id.* at 9.

The City and County of San Francisco and the San Francisco Sheriff's Department failed to provide an "assistance device for transportation," which Bell needed due to an above-the-knee leg amputation. *Id.* at 2.

Bell apparently is a longtime pretrial detainee. *See* Docket No. 138 in *Bell v. Lee*, No. 13-cv-5820 SI

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A. <u>Due Process Claims</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to "punishment." *See id.* at 539.

Liberally construed, the second amended complaint states a cognizable § 1983 claim against sergeant Williams for a due process violation by making Bell hop on one leg a substantial distance and then having him dragged to the safety cell when he could hop no further (even though there was a wheelchair immediately available to use to transport him to the safety cell). Liberally construed, the second amended complaint states a cognizable § 1983 claim against sergeant Williams and captain Fisher for a due process violation based on their decision to place Bell in the safety cell, where he was made to stay for 24 hours apparently unclothed.

A § 1983 claim is not stated against the City and County of San Francisco or the San Francisco Sheriff's Department. The municipal entities do not have liability based merely on the fact that one or both employed the alleged wrongdoers. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is liable simply because it employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690.

3

A § 1983 claim based on a *Monell* theory of liability also is not stated against the City and County of San Francisco or the San Francisco Sheriff's Department based on their alleged failure to train employees on the proper procedure to transport physically disabled inmates. *See* Docket No. 14 at 9. Bell has identified no facts showing such that there is a failure to train other than this one incident where he was not taken in a wheelchair to a safety cell. Moreover, Bell stated in an earlier filing that there *was* training and that the individual defendants acted contrary to it. In his amended complaint (which he signed and therefore is subject to the requirements of Federal Rule of Civil Procedure 11), Bell stated that the defendants "have been trained to abide by and practice the SFSDCD policy and procedures," including policies regarding the movement of inmates and use of the safety cell, yet "showed complete disregard for their policy and procedures." Docket No. 12 at 6-7; *see also id.* at 7 (the Sheriff's Department policy "clearly states that when a prisoner refuses to walk (or in Mr. Bell's case can't walk) sworn employees may use a wheelchair to transport a prisoner to the safety cell"). In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But the local government's liability under § 1983 is at "its most tenuous" when the claim is based on a failure to train. *Id.* A "pattern of similar constitutional violations" by untrained employees is ordinarily necessary to establish that the failure to train or supervise is a deliberate policy. *Id.* at 62. "Without notice that the course of training is deficient in a particular respect, decision-makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* Indeed, constitutional violations must be "*so* predictable" that the failure to train amounts to a "*conscious disregard*" for those constitutional rights. *Id.* at 71 (emphasis in original). Thus, evidence of the failure to train a single employee is ordinarily insufficient to establish that the failure to train was a municipality's deliberate policy. *Id.* at 66 (evidence of a single *Brady* violation insufficient to establish policy, notwithstanding four other *Brady* violations in past ten years by same prosecutor's office because they did not involve the failure to turn over the same type of evidence to the defense); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007) (absent evidence of a "program-wide inadequacy in training," any shortfall in a single officer's

4

1  training was classified as negligence rather than deliberate indifference, therefore plaintiff did not
2  meet his burden to withstand summary judgment). The *Monell* claim against the municipal entities
3  is dismissed without leave to amend.

### B. The ADA and RA Claim

Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), and § 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). A cause of action under § 504 of the RA essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

The proper defendant for a claim under Title II of the ADA and § 504 of the RA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch. Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

5

Here, the second amended complaint alleges that the City and County of San Francisco and the San Francisco Sheriff's Department failed to provide Bell with an "assistance device for transportation" which Bell needed due to an above-the-knee amputated leg. Docket No. 14 at 12. Liberally construed, the second amended complaint states a cognizable claim against the City and County of San Francisco and the San Francisco Sheriff's Department for violating Bell's rights under the ADA and RA.

**CONCLUSION**

1. Liberally construed, the second amended complaint states (a) cognizable § 1983 claims against sergeant Williams and captain Fisher for violations of Bell's right to due process, and (b) a cognizable claim against the City and County of San Francisco and the San Francisco Sheriff's Department for a violation of Bell's rights under the ADA and RA. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the second amended complaint, and a copy of this order upon the following defendants:

- San Francisco Sheriff's sergeant Williams
- San Francisco Sheriff's captain Fisher
- City and County of San Francisco
- San Francisco Sheriff's Department

The individual defendants apparently work at San Francisco County Jail # 2.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **December 20, 2019**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 17, 2020**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 31, 2020**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

9. Plaintiff's motion for a default judgment is DENIED. Docket No. 15. No defendant had been served with process, let alone missed any deadline to respond, at the time plaintiff filed his motion.

**IT IS SO ORDERED**.

Dated: October 11, 2019

_____
SUSAN ILLSTON
United States District Judge