UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>    Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER RE: DISCOVERY**<br><br>Re: Dkt. No. 79 |

The parties have submitted a joint discovery letter regarding plaintiff's requests for "disciplinary histories for sustained or unsustained complaints" filed against defendant deputies and other involved deputies.[1] Defendants state that they have searched for sustained complaints against the named defendants "concerning conduct similar to the conduct alleged here," as well as dishonesty, going back five years prior to the incident, and that they found no sustained complaints. Dkt. No. 79 at 3.

The current dispute concerns: (1) whether defendants should be required to search for responsive documents earlier than five years prior to the incident, with plaintiff seeking no time limitation on his requests; (2) whether plaintiff may seek unsustained complaints in addition to sustained complaints; (3) whether plaintiff is entitled to documents related to a broader category of complaints, such as complaints about any type of excessive force; and (4) whether defendants must produce records relating to complaints about dishonesty made against three non-defendant officers

---

[1] Plaintiff's Request for Production of Documents No. 7 requested "all documents related to the disciplinary history of the involved deputies regarding failure to accommodate disability, misuse of safety cell, excessive force, unlawful cell extraction and dishonesty." Joint Letter, Ex. A (Dkt. No. 79).

"whose statements were used to justify defendants' actions according to reports: Lt. R. DeGuzman, Deputy Graves, and Deputy Edwards." Dkt. No. 79 at 1.

Defendants object that plaintiff is on a "fishing expedition," that the documents implicate officers' privacy interests, and that unfounded complaints, complaints involving non-defendant officers, and complaints older than five years are irrelevant.

In civil rights cases, the Court has adopted a balancing test that is moderately pre-weighted in favor of disclosure. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987); *see also Soto v. City of Concord*, 162 F.R.D. 603, 611 (N.D. Cal. 1995). Under this balancing test, the public interests in favor of disclosure, such as civil rights and justice in individual cases, "clearly outweigh" the public interests in favor of secrecy, such as the privacy rights of officers. *Kelly*, 114 F.R.D. at 661. Courts have found that production of personnel records pursuant to a "tightly drawn" protective order sufficiently protect the privacy rights of officers. *See Soto*, 162 F.R.D. at 616-18 (citing cases).

The Court concludes that plaintiff is entitled to seek the documents at issue because complaints about excessive force, dishonesty, and other conduct similar to the conduct alleged here (e.g., misuse of the safety cell and unlawful cell extraction) could be relevant to plaintiff's excessive force and disability claims, regardless of the viability of plaintiff's *Monell* claims.[2] *See Soto*, 162 F.R.D. at 620, 621 (ordering production of complaints, including unfounded complaints, because "[r]ecords of complaints against defendant officers relating to their use of excessive force has been found to be relevant to a plaintiff's civil rights claim. . . . as such information may be crucial to proving [a] Defendant's history or pattern of such behavior."); *Rodriguez v. City of Fontana*, No. EDCV 16-1903-JGB(KKx), 2017 WL 4676261, at *3 (C.D. Cal. Oct. 17, 2017) ("[T]he Court finds complaints and investigations regarding dishonesty could be relevant to Plaintiff's claims against the Officer Defendants and that complaints and investigations regarding use of force could be relevant to Plaintiff's claims against defendants Liang and McCoy."). The Court also finds that any complaints of dishonesty against the three non-defendant officers could be relevant to their

---

[2] Defendants' motion to dismiss plaintiff's *Monell* claims is scheduled for a hearing on February 12, 2021.

credibility, and thus those documents are discoverable as well. *See id.*

However, the Court agrees with defendants that a cut-off of five years prior to the incident is reasonable. *See Rodriguez*, 2017 WL 4676261, at *3. In addition, the Court finds that in recognition of the officers' privacy concerns, defendants may produce the records with personal information, such as a deputy's address, redacted, and defendants may designate documents as "confidential" or, where appropriate, as "attorneys-eyes only" pursuant to the protective order.

**IT IS SO ORDERED**.

Dated: January 29, 2021

SUSAN ILLSTON
United States District Judge