UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THIRD AND SIXTH CAUSES OF ACTION IN FIFTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 75 |

Now before the Court is defendants' motion to dismiss the third and sixth causes of action in the fifth amended complaint. For the reasons set forth below, the Court DENIES the motion.

In an order filed November 16, 2020, the Court granted defendants' motion to dismiss the third cause of action alleging *Monell* liability and the sixth cause of action alleging First Amendment retaliation, and granted leave to amend. Plaintiff filed a fifth amended complaint on December 4, 2020. Defendants have again moved to dismiss, contending that plaintiff has not cured the deficiencies identified in the prior order.

With regard to plaintiff's third cause of action, the Court concludes that although it is a close call, plaintiff has alleged enough facts to proceed with his *Monell* claim. Plaintiff alleges a "pattern and practice of misusing and authorizing the misuse of safety cells for disciplinary reasons and retaliatory reasons rather than for their intended use." Fifth Amend. Compl. ("FAC") ¶ 46. Plaintiff also alleges that the defendant deputies were not trained on the use of the SORT and the safety cell, and that a SORT team was used to extract him from his cell to bring him to the safety cell. *Id.* ¶¶ 26-31. The fifth amended complaint adds allegations that plaintiff has been improperly placed in the safety cell at least six times throughout his incarceration despite not meeting the requirements

for the placement; that plaintiff, as a longtime detainee, has observed other pretrial detainees wrongly placed in safety cells for discipline; and that the San Francisco Chronicle has reported on the misuse of safety cells in San Francisco jails since the mid-1990s. *Id.* ¶ 32. Although plaintiff does not allege any specific facts about what he has observed with regard to other detainees, his allegation that he has been improperly placed in the safety cell on six occasions for discipline, coupled with the news article which discusses investigations, lawsuits, and reports about improper use of the safety cells in the 1990s and early 2000s, is sufficient to allege a pattern and practice of misuse of the safety cell. These allegations are also sufficient to proceed on a claim that CCSF has failed to train its deputies on the proper use of the safety cells and the SORT.

With regard to ratification, the FAC alleges that defendant Michele Fisher had final policymaking authority for SORT and safety cell policies, that as Facility Commander she was required to approve safety cell placement, and that she approved Sergeant Williams' decision to order the SORT cell extraction and approved placement of Mr. Bell in the safety cell. *Id*. ¶¶ 7, 48. Defendants contend that plaintiff has failed to allege facts showing that any state or local laws granted Fisher final policymaking authority or that Fisher's decisions were not constrained by another official's policies or subject to that official's review. The Court finds that defendant's arguments raise factual issues that are beyond the scope of the pleadings. *Cf. Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004) ("A municipal employee may act as a *de facto* policymaker under § 1983 without explicit authority under state law . . . [d]epending on the circumstances, however, we may also look to the way a local government entity operates in practice.").

Plaintiff's sixth cause of action alleges that defendants Fisher, Williams and Leung violated his First Amendment rights by retaliating against him for verbally complaining and submitting a written grievance about Leung's alleged sexual harassment. FAC ¶¶ 59-63. Plaintiff alleges that Leung retaliated against him by singling him out for punishment, and that Williams and Fisher participated in the retaliation by carrying out and approving the disciplinary action against Mr. Bell, knowing that he had complained about Leung's alleged sexual harassment and by not meaningfully investigating Mr. Bell's grievance. *Id*.

The Court concludes that these allegations are sufficient. The FAC has corrected the

deficiencies of the prior complaint by clarifying the nature of the protected conduct, the timeline, and narrowing the number of defendants named in the count and clarifying what each defendant did. The allegations are sufficient, as a pleading matter, "to show that (1) 'a state actor took some adverse action . . . (2) because of (3) [the] prisoner's protected conduct, . . . that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'" *Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (citation omitted). Defendants' arguments about causation are better suited to a factual record on summary judgment. *See, e.g. id*. (reviewing evidence on summary judgment).

**IT IS SO ORDERED**.

Dated: February 10, 2021

SUSAN ILLSTON
United States District Judge