UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT KEITH BELL,

    Plaintiff,

    v.

WILLIAMS, et al.,

    Defendants.

Case No. 18-cv-01245-SI

**ORDER RE: SUMMARY JUDGMENT HEARING**

The parties' cross-motions for summary judgment are scheduled for a hearing on Friday, October 22, 2021. The Court directs the parties to be prepared to address the following questions at the hearing:

1. Plaintiff's opposition states: "At no point did Mr. Bell state that he wanted Deputy Leung to be the first to enter his cell nor did he threaten to fight any deputized staff," citing Bell Decl. ¶ 9. Opp'n at 4. There is no paragraph 9 to the Bell declaration. Is there any evidence to support plaintiff's assertion that he did not make that statement about Deputy Leung?

2. Does plaintiff dispute that when Sergeant Williams told him he needed to pack up his belongings to move to Isolation Cell #2, Mr. Bell told her he would not do so and that he barricaded the door with his belongings and put on a plastic bag on his body? If so, where is the contrary evidence?

3. Plaintiff asserts that because he was already in restricted housing in Isolation Cell #3, there was no reason for him to move to Isolation Cell #2 and that Sergeant Williams directed him to rehouse as a retaliatory/punitive measure. Why did Sergeant Williams direct Mr. Bell to move to Iso. 2, and is there any evidence supporting that position?

4. When the S.O.R.T. team arrived at Mr. Bell's cell, he had packed up his belongings and was sitting in his wheelchair with his hands up and he was fully compliant. The S.O.R.T. – Cell Extraction Policy states that it is the policy of the department to use the least amount of force necessary when there is no other alternative but to forcibly remove a prisoner from a cell and that there "shall never be a 'point of no return.'" Why didn't the officers use an alternative to forcible extraction?

5. Plaintiff frames the excessive force claim as follows: "the use of the SORT to extract Bell from his cell amounted to unjustified punishment unrelated to legitimate penological goals." Plaintiff also brings a due process challenge to his placement in the safety cell, asserting that he was placed in the safety cell as punishment. The evidence shows that Sergeant Williams decided to use the S.O.R.T. team and she made the decision to place plaintiff in a safety cell, and that the rest of the team were following her orders. Even if the Court concludes that there are questions of fact about whether Sergeant Williams retaliated against Mr. Bell or used the S.O.R.T. team and safety cell as punishment, what evidence is there to defeat summary judgment/qualified immunity on behalf of the rest of the S.O.R.T. team members who were following her orders?

6. Defendants state that plaintiff did not identify in discovery the following witnesses who submitted declarations in support of the *Monell* claim: Cenious Brewster, Khalid Barrow, Fantasy Decuir, and James Evans. Does plaintiff dispute that?

**IT IS SO ORDERED**.

Dated: October 19, 2021

SUSAN ILLSTON
United States District Judge