UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT YVETTE WILLIAMS, *et al*.,<br><br>Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER RE: ADMINISTRATIVE EXHAUSTION**<br><br>Re: Dkt. Nos. 191, 199, 204 |

Defendants contend that plaintiff failed to exhaust his administrative remedies for (1) his First Amendment Retaliation claim under 42 U.S.C. §1983 that the discipline imposed and carried out by Sergeant Williams was retaliation for Mr. Bells' sexual harassment grievance against Deputy Leung; and (2) his claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973 that he was denied reasonable accommodations related to toileting when he was placed in the safety cell.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The Court has reviewed the parties' briefing and the grievances filed by Mr. Bell and concludes that he exhausted his administrative remedies with respect to the retaliation claim. Mr. Bell's grievances complained that the discipline should not have been aggravated, that the cell

extraction and placement in the safety cell was "torture and torment . . . to intimidate and threaten Bell to not get a response or push his grievance on Deputy Leung for sexual harassment on 1-17-18," and that Mr. Bell's placement in the safety cell was "abnormal satanic behavior motivated by retaliation." These grievances embrace Mr. Bell's retaliation claim against Sergeant Williams.

The Court agrees with defendants that Mr. Bell did not exhaust the ADA and Rehabilitation Act claims with respect to toileting in the safety cell. None of the grievances complain that Mr. Bell was not provided with toileting assistance in the safety cell or otherwise complained about the lack of an accessible toilet in the safety cell. The Court also finds that Mr. Bell has not demonstrated that exhaustion is excused on the ground that the grievance process was "unavailable." However, Mr. Bell may testify about his experience with toileting while in the safety cell insofar as that is relevant to his claim that his placement in the safety cell was punitive.

**IT IS SO ORDERED**.

Dated: March 17, 2022

SUSAN ILLSTON
United States District Judge