1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT KEITH BELL,

Plaintiff,

v.

SERGEANT WILLIAMS, *et al.*,

Defendants.

Case No.  18-cv-01245-SI

**JURY INSTRUCTIONS**

**(COURT DRAFT – 3/24/22)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## **DUTY OF JURY**

Members of the jury:  Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## **BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## **TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.


**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

3

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

1

## **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

## **USE OF REQUESTS FOR ADMISSION (applicable?)**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## **EXPERT OPINIONS**

You heard plaintiff's expert Stephen Sinclair and defendants' experts Rick Wells, George Oldham, and Don Cameron give testimony of opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## **STIPULATIONS OF FACT**

ANY?

United States District Court
Northern District of California

## **CLAIMS AND DEFENSES**

Plaintiff Vincent Bell asserts the following claims:

1. A claim under 42 United States Code Section 1983, that defendant Sergeant Yvette Williams, acting as a supervisor, directed the use of excessive force against plaintiff Vincent Bell in violation of the Fourteenth Amendment of the U.S. Constitution when she ordered and carried out the S.O.R.T. cell extraction;

2. A claim under 42 United States Code Section 1983, that defendant Sergeant Yvette Williams, acting as a supervisor, subjected plaintiff Vincent Bell to punishment by placing him in a safety cell without legitimate penological reasons in violation of his Fourteenth Amendment rights;

3. A claim under 42 United States Code Section 1983, that defendant Sergeant Yvette Williams, acting as a supervisor, retaliated against plaintiff Vincent Bell for filing a sexual harassment grievance against Deputy Leung when she placed Mr. Bell in the safety cell in violation of his First Amendment rights under the U.S. Constitution;

4. A claim under 42 United States Code Section 1983, that defendant City and County of San Francisco failed to adequately train its employees on how to perform cell extractions on people with disabilities and the placement of people with disabilities in safety cells, and was deliberately indifferent to known or obvious consequences of its failure to train its employees adequately; and

5. A claim under the Americans with Disabilities Act and the Rehabilitation Act, that defendant City and County of San Francisco failed to reasonably accommodate plaintiff Vincent Bell's disability when Mr. Bell was transported from one cell to another during the cell extraction in violation of the Americans with Disabilities Act and Rehabilitation Act

The plaintiff has the burden of proving these claims by a preponderance of the evidence.

Defendants deny these claims, and assert that their actions were reasonable and based on legitimate penological reasons.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECTION 1983 CLAIMS—INTRODUCTORY INSTRUCTION

The plaintiff brings four of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In general , to prevail on a Section 1983 claim, a plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of state law; and

2.      the acts or failures to act of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions.

The parties have agreed that defendants Williams and City and County of San Francisco were acting under state law; you need make a finding on this.

The parties dispute whether the acts of defendant Williams or City and County of San Francisco deprived plaintiff of any constitutional rights.  Plaintiff has the burden to prove this element by a preponderance of the evidence.

## SECTION 1983 CLAIMS AGAINST SUPERVISORY DEFENDANT
## IN INDIVIDUAL CAPACITY

In doing the things complained of in this lawsuit, defendant Williams was acting as a supervisor of others.  In order to prevail on his § 1983 claims against supervisory defendant Yvette Williams,  plaintiff Vincent Bell must prove each of the following elements by a preponderance of the evidence:

1. the supervisory defendant acted under color of state law;

2. the acts of the supervisory defendant's subordinates, deputies Anthony Bryant, Johnson Bui, Robert Daly, Kristian DeJesus, Andy Leung, Dennis Walsh, and Robert Yeung, deprived plaintiff of his particular rights under the United States Constitution as explained in other instructions;

3. the supervisory defendant directed her subordinate[s] in the acts that deprived the plaintiff of these rights; and

4. The supervisory defendant's conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that the defendant Yvette Williams acted under color of state law so plaintiff does not need to prove the first element.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under  the instructions which follow for Claim 1, Claim 2 and/or Claim 3, your verdict should be for the plaintiff on that Claim. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on that Claim.

United States District Court
Northern District of California

**CLAIM 1:**

**SECTION 1983 CELL EXTRACTION EXCESSIVE FORCE CLAIM**

**AGAINST DEFENDANT WILLIAMS**

Under the Fourteenth Amendment, a law enforcement officer may not use excessive force on a person detained in jail.  In order to prove excessive force on this claim, plaintiff Vincent Bell must prove by a preponderance of the evidence:

1. that defendant Yvette Williams used or directed excessive force on the plaintiff during the cell extraction in the jail;

2.  the use of force was objectively unreasonable; and

3.  the acts of the defendant caused harm to the plaintiff.

Under the Fourteenth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the acts directed by defendant Yvette Williams excessive force in this case, consider all of the circumstances known to defendant Williams on the scene, including:

1. Whether plaintiff posed an immediate threat to the safety of the defendant or to others;

2. Whether plaintiff was actively resisting;

3. The amount of time defendant had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

4. The type and amount of force used;

5.  The availability of alternative methods to **extract plaintiff from his cell;**

6.  The severity of the security problem at issue and threat reasonably perceived by the officer;

7.  Which party created the dangerous situation, and which party is more innocent; and

8. The extent of plaintiff's injury, if any.

United States District Court
Northern District of California

### CLAIM 2:

### SECTION 1983  SAFETY CELL PLACEMENT AS PUNISHMENT CLAIM

### AGAINST DEFENDANT WILLIAMS

Plaintiff Vincent Bell has brought a claim under the Fourteenth Amendment to the United States Constitution against defendant Yvette Williams. Plaintiff Vincent Bell asserts defendant Yvette Williams placed him in the safety cell as punishment and without legitimate penological reasons.

To prevail on this claim, plaintiff Vincent Bell has the burden of proving each of the following elements by a preponderance of the evidence:

1. Defendant Yvette Williams made an intentional decision regarding placing plaintiff Vincent Bell in a safety cell;

2. The placement of plaintiff Vincent Bell in the safety cell was not reasonably related to a legitimate penological interest;

3. The placement of plaintiff Vincent Bell in the safety cell was not objectively reasonable;

4. Defendant Yvette Williams' actions caused plaintiff Vincent Bell injuries.

A legitimate penological interest means that there is a valid, rational connection between the action taken and the legitimate and neutral governmental interest put forward to justify it.

To satisfy the third element, plaintiff Vincent Bell must show that the defendant Yvette Williams' actions were not objectively reasonable, which requires a showing of more than negligence but less than subjective intent—something akin to reckless disregard.

1

2

3

**CLAIM 3:**

**SECTION 1983 FIRST AMENDMENT RETALIATION CLAIM**

**AGAINST DEFENDANT WILLIAMS**

4

5

6

7

8

Plaintiff Vincent Bell alleges that defendant Yvette Williams' order that plaintiff Bell be placed in a safety cell constituted retaliation against him because (1) he submitted a sexual harassment grievance against Deputy Leung and (2) she knew plaintiff  intended to file a grievance against her for having sustained deputy Leung's charge about excessive yelling, in violation of the First Amendment to the Constitution**. [NOTE – IS THE SECOND REASON EXHAUSTED?]**

9

10

11

12

Under the First Amendment, a pretrial detainee has the right to submit a grievance against a deputized staff member. To establish defendant Yvette Williams deprived the plaintiff of this First Amendment right, plaintiff Vincent Bell must prove the following additional elements by a preponderance of the evidence:

13

1. Plaintiff Vincent Bell was engaged in a constitutionally protected activity;

14

15

2. Defendant Yvette Williams' actions against plaintiff Vincent Bell would chill a person of ordinary firmness from continuing to engage in the protected activity;

16

17

3. Plaintiff Vincent Bell's protected activity was a substantial or motivating factor in the defendant's conduct; and

18

19

4. Defendant Yvette Williams' action did not reasonably advance a legitimate correctional goal.

20

I instruct you that the filing of a grievance is protected conduct under the First Amendment.

21

22

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

23

24

A legitimate correctional goal means that there is a valid, rational connection between the action taken and the legitimate and neutral governmental interest put forward to justify it.

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**CLAIM 4:**

**SECTION 1983 CLAIM BASED ON POLICY OF FAILURE TO TRAIN,**

**AGAINST CITY AND COUNTY OF SAN FRANCISCO**

Plaintiff Vincent Bell alleges that the City and County of San Francisco failed to adequately train its employees on how to perform cell extractions on people with disabilities and the placement of people with disabilities in safety cells, and that the City and County of San Francisco was deliberately indifferent to known or obvious consequences of its failure to train its employees adequately.  In order to prevail on his § 1983 claim against defendant City and County of San Francisco alleging liability based on a policy of failure to train its employees, plaintiff Vincent Bell must prove each of the following elements by a preponderance of the evidence:

1. the acts directed by defendant Yvette Williams deprived plaintiff Vincent Bell of his particular rights under the United States Constitution as explained in the instructions on Claim 1 and Claim 2;

2. defendant Yvette Williams acted under color of state law;

3. the training of the defendant City and County of San Francisco was not adequate to train its employees to handle the usual and recurring situations with which they must deal;

4. the defendant City and County of San Francisco was deliberately indifferent to the known or obvious consequences of its failure to train its employees adequately; and

5. the failure of the defendant City and County of San Francisco to provide adequate training caused the deprivation of plaintiff Vincent Bell's rights by the defendant Yvette Williams; that is, the City and County's failure to train played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that defendant Yvette Williams acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the

subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the defendant City and County of San Francisco put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the plaintiff due to the employee's conduct.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Claim 1 or Claim 2, your verdict should be for the plaintiff. If not, your verdict should be for the defendant.

## VIOLATION OF DEPARTMENT POLICY
## DOES NOT PROVE A CONSTITUTIONAL VIOLATION

A defendant's violation of a policy of the San Francisco Sheriff's Department does not necessarily establish a constitutional violation. Likewise, a defendant's actions consistent with a policy of the San Francisco Sheriff's Department does not necessarily establish that those actions are constitutional.

United States District Court
Northern District of California

**CLAIM 5:**

**TITLE II OF THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT AGAINST CITY AND COUNTY OF SAN FRANCISCO**

Plaintiff Vincent Bell alleges that the City and County of San Francisco violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by failing to provide him with a reasonable accommodation during the cell extraction when he was transported from cell to cell.  To establish these claims against the City and County of San Francisco, plaintiff Vincent Bell must prove,  by a preponderance of the evidence, each of the following elements:

1. Plaintiff Vincent Bell is an individual with a disability.  A "disability" is a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

2.  Plaintiff Vincent Bell is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities;

3.  Plaintiff Vincent Bell was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the City and County of San Francisco; and

4.  Such exclusion, denial of benefits, or discrimination was by reason of his disability.

To establish the third element that the City excluded Mr. Bell from participation, denied him benefits, or discriminated against him on the basis of disability by failing to provide a reasonable accommodation, plaintiff Vincent Bell must prove, by a preponderance of the evidence, each of the following:

1. the defendant received adequate notice of the plaintiff's disability and need for a reasonable accommodation; and

2. a reasonable accommodation was available that would have enabled the plaintiff to participate in the program, service, or activity at issue.

It is for you to determine whether an accommodation is reasonable.  When determining whether a given accommodation is reasonable, you must consider a detention facility's legitimate penological interests, and whether there is a valid, rational connection between the action taken and

15

the legitimate and neutral governmental interest put forward to justify it.

**NEED SOMETHING ADDITIONAL ABOUT FEDERAL FINANCIAL ASSISTANCE FOR REHAB ACT.**

## DAMAGES—PROOF AND MEASURES OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff Vincent Bell, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

3. The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## ADA/REHABILITATION ACT —DAMAGES

The plaintiff seeks monetary relief under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. To be entitled to monetary relief under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, the plaintiff must additionally prove, by a preponderance of the evidence, that the City and County of San Francisco acted with "deliberate indifference."

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. To prove deliberate indifference, plaintiff Vincent Bell must prove that the City and County of San Francisco (1) had "knowledge" that harm to plaintiff's ADA/Rehabilitation Act rights was "substantially likely" and (2) deliberately failed to act upon that likelihood. The failure to act must be a result of conduct that is more than negligent, and involve an element of deliberateness.  It

1    requires more than an ordinary lack of due care for the prisoner's interests or safety.

2

3                                      **PUNITIVE DAMAGES**

4           If you find for plaintiff Vincent Bell, you may, but are not required to, award punitive

5    damages against defendant Yvette Williams. The purposes of punitive damages are to punish a

6    defendant and to deter similar acts in the future. Punitive damages may not be awarded to

7    compensate a plaintiff.

8           The plaintiff has the burden of proving by a preponderance of the evidence that punitive

9    damages should be awarded and, if so, the amount of any such damages.

10          You may award punitive damages only if you find that the defendant's conduct that harmed

11   the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is

12   malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

13   Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects

14   complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a

15   perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission

16   is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with

17   unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking

18   advantage of some weakness or disability or misfortune of the plaintiff.

19          Punitive damages may not be awarded against the City and County of San Francisco.

20          Punitive damages may be awarded even if you award plaintiff only nominal, and not

21   compensatory, damages.

22          If you find that a punitive damages award is warranted in this case, you will receive

23   additional evidence and instruction concerning the amount of punitive damages to be awarded.

24

25

26

27

28

United States District Court
Northern District of California

### **DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### **CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting

19

dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations you will not have a transcript of the trial testimony.

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands,

20

numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### **RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**IT IS SO ORDERED**.

Dated: March ____, 2022

_____

SUSAN ILLSTON
United States District Judge