UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT YVETTE WILLIAMS, *et al*.,<br><br>　　　　Defendants. | Case No. 18-cv-01245-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 236 |

　　　　Defendants' motion for judgment as a matter of law or in the alternative for partial new trial or remittitur was scheduled for a hearing on September 9, 2022. Pursuant to Civil Local Rule 7-1(b), the Court vacated the hearing and took the matter under submission. For the reasons set forth below, the Court DENIES the motion.

　　　　In addition, the Court sets the following schedule to resolve the outstanding matter of injunctive relief. The parties shall meet and confer and, if possible, submit joint proposed language for inclusion in the judgment. If the parties are unable to agree, the parties shall submit competing proposed language, along with briefs no longer than 10 pages, by **noon** on **September 21, 2022**, and the parties may, but are not required to, file supplemental briefs no longer than 5 pages by **4 pm** on **September 23, 2022.** If necessary, the Court will hold a hearing via zoom at **10 am** on **September 27, 2022.**

　　　　The Court also directs the parties to meet and confer regarding attorneys' fees and costs. The parties shall notify the Court no later than **September 30, 2022** whether they have resolved those issues, and if not, a proposed schedule for motion practice.

## BACKGROUND

　　　　A jury trial was held from March 21-30, 2022 in this civil rights action brought by plaintiff

Vincent Bell against defendants Sergeant Yvette Williams and the City and County of San Francisco ("City"). The jury found in favor of Bell on his claim of excessive force against Williams, his claim against the City for failure to train deputized staff on the proper use of the SORT and the safety cell under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and his claims against the City for violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. The jury found against Bell on his claims that Williams violated his due process rights by placing him in the safety cell, or that Williams retaliated against Bell in violation of his First Amendment rights. The jury additionally found that Bell had proven that the City caused him physical and emotional harm, and awarded him $504,000 in compensatory damages. The jury found that Bell did not prove that Williams caused him physical or emotional harm. The jury did not award punitive damages.

Now before the Court is defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, for a partial new trial and/or remittitur pursuant to Federal Rule of Civil Procedure 59.

**LEGAL STANDARDS**

**I.   Rule 50(b)**

Under Federal Rule of Civil Procedure 50(b), a party may renew a motion for judgment as a matter of law after the jury returns a verdict. Judgment as a matter of law is proper only "'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). "A jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Id*. "[T]he court must not weigh the evidence, and instead should simply ask whether the nonmoving party has presented sufficient evidence to support the jury's conclusion." *Id*. (internal quotations, citations, and modifications omitted). "The court must accept the jury's credibility findings consistent with the verdict [and] may not substitute its view of the evidence for that of the jury." *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001) (citations omitted). "In so doing,

the court must draw all reasonable inferences in favor of the nonmoving party and disregard all evidence favorable to the moving party that the jury is not required to believe." *Escriba*, 743 F.3d at 1242-43 (internal quotations and citations omitted).

## II.     Rule 59

"A Rule 59 motion for a new trial is confided to the discretion of the district court, whose decision will be overturned on appeal only for abuse of discretion." *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam). "Unlike with a Rule 50 determination, the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). "Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." *Id.*

## DISCUSSION

Defendants' motion largely reiterates arguments raised on summary judgment, in the jury instruction conference, or during trial. For example, defendants argue that as a matter of law, Williams' conduct does not amount to excessive force, that Williams is entitled to qualified immunity, that the City is not liable under *Monell*, and that the ADA and Rehabilitation Act claims fail because Bell was not denied a benefit, program, service of activity of the jail and because the officers acted reasonably. Defendants also challenge an evidentiary ruling and the jury instruction on the ADA/Rehabilitation Act claims. For all of the reasons set forth in plaintiff's opposition and in the Court's previous rulings on these issues, the Court finds defendants' arguments unpersuasive.[1] In addition, the Court concludes that there was substantial evidence to support the jury's verdict as

---

[1] Further, even if Williams was entitled to qualified immunity, such a finding would not affect the jury's liability or damages verdict against the City. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) ("[A]municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity, because even if an officer is entitled to immunity a constitutional violation might still have occurred.").

to excessive force, *Monell* failure to train, and the ADA/Rehabilitation Act claims.

The Court also rejects defendants' arguments that the jury's verdict was inconsistent. The jury found that Williams was liable for excessive force and thus that she violated Bell's constitutional rights. The jury also found that Williams did not cause Bell any physical or emotional injury; there is no inconsistency between finding that Williams violated Bell's constitutional rights but that she did not cause him physical injury or emotional harm. The jury found that the City was liable under *Monell* and the ADA/Rehabilitation Act for its own conduct in failing to train its staff and failing to accommodate Bell, that the City had caused Bell physical and emotional harm, and the jury assessed compensatory damages. There is no inconsistency in finding that Williams did not cause Bell physical injury or emotional harm, and finding that the City did cause such harm. Contrary to the City's arguments, the City did not act only through Williams (and the SORT team), but through its own conduct as well. *See Gentile v. Cnty. of Suffolk*, 926 F.2d 142, 154 (2d Cir. 1991) ("It was not the case that the only basis for the County's liability here was the conduct of the police officer defendants, since plaintiffs also claimed that high County officials ratified the actions of the individual defendants and the jury was instructed on this theory. However, even if that were not the case, the jury's verdict did not absolve the individual defendants; the jury found that they had violated plaintiffs' federal and state law rights. However, it was entirely within the jury's discretion to impose the burden of compensating plaintiffs for their injuries on the County rather than on individual police officers.").

Finally, the Court finds no reason to reduce the jury's damages award. The Court reviews the damages award for substantial evidence and affords "substantial deference to a jury's finding of the appropriate amount of damages." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996), *aff'd*, 526 U.S. 687 (1999)). Bell testified that he experienced severe pain in his ankle, knee, hip and back, swelling in his knee and shoulder, bruising on his wrists, that he heard his shoulder pop, that the handcuffs cut into his wrists when he was carried in a strappado fashion, and that the incident exacerbated his preexisting injuries, including those due to multiple gunshot wounds. These injuries are more than *de minimis*. *See, e.g.*, *Webb v. Ackerman*, No. CV 13-9112-PLA, 2017 WL 5665001, at *8 (C.D. Cal. Sept. 26, 2017) (denying motion to

remit $600,000 jury award to plaintiff in § 1983 case who testified that as a result of excessive force he experienced chest pain, numbness in his arm, blurred vision, acute back pain, lack of movement in his legs, a strong headache, and pain in his biceps, shoulders, knees, thighs and elbow; difficulty breathing and standing; had multiple abrasions, marks, bruises, and contusions; was hospitalized for one day; and suffered from anxiety and emotional distress). Bell also testified about the emotional harm he suffered. The Ninth Circuit "does not require that damage awards must be supported by 'objective' evidence," and the testimony of a plaintiff can be sufficient. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (affirming jury verdict and damages award of $5,000,001 to each of three plaintiffs in § 1983 case). The Court is also not persuaded by defendants' argument regarding "misconduct" during closing argument, and in any event the Court gave a curative instruction.

## CONCLUSION

For the foregoing reasons and those articulated in plaintiff's opposition, the Court DENIES defendants' motion for judgment as a matter of law, or in the alternative, for a partial new trial and/or remittitur.

**IT IS SO ORDERED**.

Dated: September 12, 2022

SUSAN ILLSTON
United States District Judge